IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NAPOLEON SCALES,
ADC #91963                                                                                              PLAINTIFF

4:06CV01498 SWW/HDY

LARRY KILLOUGH, JR.                                                                              DEFENDANT

MEMORANDUM AND ORDER

Plaintiff Scales, a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC), has been granted leave to proceed in forma pauperis in this lawsuit filed pursuant to 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief.   The test for determining if an action is frivolous is whether the plaintiff can make a rational argument on the facts or law in support of his claim.  The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation."  Neitzke v. Williams, 490 U.S. § 319 (1989).  In addition, a complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Having reviewed plaintiff's complaint, the Court finds that it must be dismissed for failure to state a claim.   In order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right.

<u>Griffin-El v. MCI Telecommunications Corp., et al.</u>, 835 F.Supp. 1114, 1118 (E.D.MO 1993). In this particular case, plaintiff alleges that the defendant, a private attorney who represented him in his criminal proceedings, did not properly represent him and failed to appeal plaintiff's criminal conviction. However, a private attorney is not considered to be a state actor within the meaning of § 1983. In <u>Chambers v. Kaplan</u>, 648 F.2d 1193 (8th Cir. 1981), the Court held that even when a private attorney is appointed by the Court to represent the plaintiff, the attorney does not act under the color of state law. Accordingly,

IT IS, THEREFORE, ORDERED that pursuant to 28 U.S.C. §1915A(b)(1), plaintiff's complaint against defendant is DISMISSED for failure to state a claim.[1]

The Court hereby certifies that any appeal taken from this Memorandum and Order, and accompanying Judgment dismissing this action is considered frivolous and not in good faith.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 24th day of October, 2006.

<u>/s/Susan Webber Wright</u>

UNITED STATES DISTRICT JUDGE

---

[1] This dismissal is considered as a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C § 1915(g), which provides that a prisoner may not file an <u>in</u> <u>forma</u> <u>pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.